IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIA MAXIMO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-361-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Maria Maximo, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

On May 14, 2007, Petitioner pleaded guilty in the United States District Court for the Southern District of New York to two counts of mail fraud and, on May 26, 2005, she was sentenced to a 210-month term of imprisonment on each count. Minutes and J. in a Criminal Case, *United States v. Maximo,* Criminal Docket No. 1:06-cr-00748-LAK-1, Docket Entries for March 14, 2007, and October 26, 2007 & ECF No. 65. Her convictions were affirmed on appeal and it appears her two § 2255 motions filed in the convicting court were denied, the first as untimely and without merit and the second as a successive motion. *Id.*, ECF Nos. 69, 78-79, 81, 83-85. Petitioner has filed two prior § 2241 petitions challenging her conviction and/or sentence in this Court. The first was

dismissed for want of prosecution and the second was dismissed for lack of subject matter jurisdiction. Order of Dismissal and J., *Maximo v. Keffer*, Civil Action No. 4:11-CV-00079-Y, ECF Nos. 4-5; Order Adopting Magistrate Judge's Findings and Conclusions and J., *Maximo v. Keffer*, Civil Action No. 4:11-CV-00300, ECF Nos. 12-13. Petitioner raises three grounds for habeas relief in this petition wherein she claims, generally, that (1) the convicting court did not read her PSI report before assessing her sentence, (2) her health is failing due to the prison's inability to properly address her medical needs, and (3) she has experienced elder abuse and bullying. Pet. 1-3, ECF No. 1.[1] Petitioner seeks immediate, unconditional release. Pet. 3, ECF No. 1.

**II. DISCUSSION**

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his or her accelerated release. Thus, to the extent Petitioner's claims

---

[1] The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

relate to her medical needs and alleged abuse and bullying, the claims are not cognizable on habeas review.  42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).  Even if she could prove the claims, she has not shown a legal basis for obtaining accelerated release.

Further, as a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner.  *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).  In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense.  *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that she cannot meet the three requirements from the face of the petition.  Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize her conduct, nor was her sentencing claim foreclosed by the Second Circuit Court of Appeals at the time of her trial, appeal, and initial § 2255 motion.  Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of her sentence.  A § 2241 petition is not an alternative to the relief

3

afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). The fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not change this result. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Because Petitioner's challenge to her sentence does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** on this **6th** day of **June, 2014.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**